EDWIN H. MAIRS, Appellant, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY et al., Respondents.

1. CAUSE OF ACTION — WHEN ACTION FOR DAMAGES IS NOT MERGED IN THE PUNISHMENT FOR A CRIME. Where the legislature prohibits or requires the doing of an act and prescribes a punishment that shall be inflicted for a violation of its mandate, the punishment furnishes the exclusive remedy for the wrong so far as the public is concerned and the act cannot be made the basis of a civil action by an individual for the recovery of damages unless he has been injured in his person or property and the damages suffered are the direct and proximate result of the illegal act.

2. BILL OF LADING — DELIVERY OF GOODS WITHOUT REQUIRING SURRENDER OF BILL IN VIOLATION OF SECTION 633 OF THE PENAL CODE — WHEN ACTION FOR DAMAGES WILL NOT LIE. The fact that a common carrier negligently omitted to take up a bill of lading upon which an indorsement " non-negotiable " did not appear, when it delivered the goods represented thereby, although it was in fact non-negotiable, and, therefore, the carrier may have become technically guilty of a violation of section 633 of the Penal Code, does not entitle a subsequent *bona fide* transferee of the bill of lading, which had been fraudulently altered so as to make it negotiable, to maintain an action against the carrier to recover damages for his neglect, for the reason that the forgery was not the proximate result of such neglect, but was the independent and felonious act of another person.

*Mairs* v. *Baltimore & Ohio R. R. Co.*, 73 App. Div. 265, affirmed

(Argued June 5, 1903;  decided June 23, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June

10, 1902, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Howard E. White* for appellant.   The defendants, common carriers, were guilty of a violation of a duty imposed by statute when they delivered merchandise for which a bill of lading had been issued not bearing upon its face the words "non-negotiable" without demanding the surrender and cancellation of such bill.   (*Colgate* v. *P. R. R. Co.*, 102 N. Y. 120; *F. Nat. Bank* v. *N. Y. C. R. R. Co.*, 85 Hun, 160.)   It is a general rule of law that where one owes another a duty, whether such duty is imposed by voluntary contract or by statute, a breach of such duty, causing damage, gives a cause of action.   (*Willy* v. *Mulledy*, 78 N. Y. 310; *Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90; Whart. on Neg. § 443; Bishop on Cont. § 91; *Foley* v. *Phelps*, 1 App. Div. 551; *Smith* v. *Lockwood*, 13 Barb. 217; *Couch* v. *Steele*, 3 E. & B. 403; *Dudley* v. *Mayhew*, 3 N. Y. 10; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Huda* v. *A. G. Co.*, 154 N. Y. 474; *First Nat. Bank* v. *N. Y. C. R. R. Co.*, 85 Hun, 160; *Burnham* v. *C. V. S. Co.*, 142 N. Y. 169.)   Under the law of this state a private right of action is not merged in a felony, and where a statute is passed for the protection of individuals any one injured by its violation may recover damages.   (L. 1801, ch. 60; *Hoffman* v. *Carow*, 22 Wend. 285; *Smith* v. *Lockwood*, 13 Barb. 217; *Newton* v. *Porter*, 5 Lans. 422; *Bradlaugh* v. *Clark*, L. R. [8 App. Cas.] 354; *Cornell* v. *Company*, 25 Wend. 365; *Jessup* v. *Carnegie*, 80 N. Y. 441.)   The doctrine of proximate cause has no application to the case at bar.   (Cooley on Torts [2d ed.], 71–74; *Knisley* v. *Pratt*, 148 N. Y. 372.)

*Charles L. Kingsley* and *Albert B. Boardman* for respondents.   The plaintiff appellant did not sustain any damage by reason of the respondents delivering the property without tak-

ing up the bill of lading. (5 Am. & Eng. Ency. of Law [2d ed.], 209.) Assuming that the consignee Day never paid to the appellant Mairs the value of the 200 barrels of cornmeal called for by the bill of lading in question, there is no evidence showing that the delivery of the cornmeal to the consignee Day by the respondents without the surrender of the bill of lading caused any injury to the appellant. The real and proximate cause of the injury was the negligence of the appellant in his dealings with Day. (Cooley on Torts [2d ed.], 76; *Tutein* v. *Hurley*, 98 Mass. 212; *Lowery* v. *W. U. T. Co.*, 60 N. Y. 198.)

HAIGHT, J. This action was brought to recover damages which the plaintiff is alleged to have sustained by reason of the delivery by the defendants to the consignee of a quantity of corn meal without the surrender of the bill of lading under which the meal had been shipped.

On the 22d day of December, 1896, there were delivered to the Norfolk & Western Railroad Company at Circleville, Ohio, two hundred barrels of Sagamore corn meal, consigned to one James S. Day, of New York city, on which the company issued a non-negotiable bill of lading, but without the words "not negotiable" written upon its face. The meal was conveyed over the company's line to its intersection with the Baltimore & Ohio railroad, and was then, by that company, transported to the city of New York, and on the 15th day of January, 1897, delivered to the steamship *Madiana*, pursuant to an order of the consignee, without requiring the surrender of the bill of lading. Thereafter, and on the 18th day of January, 1897, the consignee, Day, indorsed the bill of lading in blank and delivered the same to the plaintiff as collateral to a loan previously made, but upon which other property held as collateral was released. At the time of its delivery to the plaintiff it had been altered by the insertion of the words "order of and notify" just before the name of the consignee, thus changing the bill of lading into a negotiable instrument. This was done without the knowledge of the transportation

company that issued the bill, or of the company that delivered the property. The plaintiff was a member of the New York Stock Exchange and had known Mr. Day for a good many years, and had been engaged in loaning him money upon bills of lading for about ten years. He testified, in substance, that he always scrutinized the bills of lading brought in by Day, and knew that upon a bill of lading upon which the words "order of and notify" were omitted the property could be delivered to the consignee without the surrender of the bill of lading; that he waited until the summer of 1898 before he went to the defendant's freight office to demand the goods, and was then informed by the person in charge that the goods had been delivered on the 15th day of January, 1897.

This action is based upon the provisions of section 633 of the Penal Code, which provides as follows: "A person mentioned in section 629, who delivers to another any merchandise for which a bill of lading, receipt or voucher has been issued, unless such receipt or voucher bears upon its face the words 'not negotiable,' plainly written or stamped, or unless such receipt is surrendered to be canceled at the time of such delivery, or unless, in the case of a partial delivery, a memorandum thereof is indorsed upon such receipt or voucher, is punishable by imprisonment not exceeding one year, or by a fine not exceeding one thousand dollars, or by both." The persons mentioned in section 629 of the Code include railways, express or transportation companies and other common carriers. These provisions of the Code were taken from chapter 326 of the Laws of 1858, as amended by chapter 353 of the Laws of 1859 and chapter 440 of the Laws of 1866. Under the statute all persons aggrieved by a violation of the act were given the right to maintain an action at law against the violators thereof to recover the damages suffered; but when some of the provisions of the act were transferred to the Penal Code that pertaining to the civil remedy was omitted and disappeared from our statute law by a repeal of the statute. At common law the failure to take up a bill of lading did not furnish cause for action, and it follows that the only civil lia-

bility remaining exists by reason of the provisions of the Penal Code, which make the omission unlawful and criminal.

It may be that the offense complained of is a felony under the Code, but we are not convinced that damages resulting therefrom are merged in the punishment for the crime. Such was undoubtedly the rule of the common law, but as early as 1801 the legislature of this state, by chapter sixty of the laws of that year, provided " that in all cases of felony heretofore committed or which may hereafter be committed, it shall and may be lawful for any person or persons injured or aggrieved by such felony, to have and maintain his, her or their action against the person or persons guilty of such felony, in like manner as if the offense committed had not been felonious, and in no case whatever shall the right of action of the party injured be deemed, taken or adjudged to be merged in the felony or in any manner affected thereby." This provision was continued in the Revised Statutes as follows : " The right of action of a person injured by a felony shall in no case cease or be merged in such felony, or be in any measure affected thereby " (2 R. S. 292, § 2) and in substantially the same form in our Code of Civil Procedure. (§ 1899.) Section 716 of the Penal Code provides that " a person injured by the commission of a felony, for which the offender is sentenced to imprisonment in a state prison, is deemed the creditor of the offender, and of his estate after his death, within the provisions of the statutes relating thereto." It is thus apparent that actions for civil damages arising out of felonies are placed upon the same footing as those arising out of misdemeanors and that the right to recover damages in a civil action is no longer merged in the felony. (*Gordon* v. *Hostetter,* 37 N. Y. 99, 105.) There, however, can be no recovery unless damages to the plaintiff resulted from the illegal act. Where the legislature prohibits or requires the doing of an act and prescribes a punishment that shall be inflicted for a violation of its mandate, the punishment furnishes the exclusive remedy for the wrong, so far as the public is concerned, and the act cannot be made the basis of a civil action by an individual for

the recovery of damages, unless he has been injured in his person or property and the damages suffered are the direct and proximate result of the illegal act.    In this case the defendants negligently omitted to take up the bill of lading when they delivered the goods upon the order of the consignee.    The bill of lading did not have the words "not negotiable" indorsed upon its face and, therefore, the defendants may be technically guilty of a violation of the statute, but the bill of lading, in fact, was "not negotiable," and under the law merchant the defendants would not have been required to take up the bill had it not been for the provision of the statute.    The plaintiff, as we have seen, was a member of the New York Stock Exchange and had for a number of years dealt with bills of lading and knew the difference between a negotiable and non-negotiable bill.    He knew that the property could be delivered to the consignee without the surrender of a non-negotiable bill and admits that he carefully scrutinized the bills of lading brought in by Day, the consignee.    It is, therefore, apparent that the plaintiff could not have been induced to part with any property or make loans upon this bill of lading had it remained in the form in which it was originally executed.    He was induced to take it for the reason that it appeared to be negotiable.    He was deceived by reason of the forgery and for this the defendants were not responsible.    The forgery was not the direct or proximate result of the omission to take up the bill of lading, but was the independent and felonious act of another person. For this reason we think the plaintiff cannot recover.    These views render it unnecessary to consider the question as to whether the provisions of the Penal Code are violative of the interstate commerce clause of the Constitution of the United States.

The order of the Appellate Division should be affirmed and judgment absolute ordered for the defendants upon the stipulation, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, CULLEN and WERNER, JJ., concur.

Order affirmed, etc.