(110 App. Div. 48)

### CONROY v. ACKEN et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

MASTER AND SERVANT—INJURY TO SERVANT—FAILURE TO ENCLOSE ELEVATOR SHAFT—NEGLIGENCE—QUESTION FOR JURY.

    Evidence in an action against a contractor for injuries received by an employé in consequence of being struck by a wheelbarrow thrown from an elevator, used in a building in the course of construction, examined, and *held* that the question whether the contractor was guilty of actionable negligence in failing to enclose the elevator shaft as required by section 20, Laws 1897, p. 468, c. 415, as amended by Laws 1899, p. 351, c. 192, was for the jury.

    [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Master and Servant, § 1001.]

    Woodward and Hooker, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Bridget Conroy, as administratrix of Michael Conroy, deceased, against Samuel I. Acken and others. The complaint was dismissed as to defendant, the Pelham Operating Company. From a judgment for plaintiff and from an order denying a motion for a new trial, the other defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, HOOKER, and MILLER, JJ.

L. Sidney Carrere, for appellants.

Albert A. Wray, for respondent.

WOODWARD, J. The facts in this case are not in dispute to any great extent, and may be summarized as follows:

The plaintiff's intestate was engaged as a laborer by the defendants, and was employed on the first floor of the New Eagle building in the borough of Brooklyn at the time of the accident. The Pelham Operating Company had installed an elevator in this building, which was in course of construction by the defendants, and this elevator was operated by an engineer supplied by the Pelham Company, taking his signals for starting and stopping the same from the employés of the defendant, in accord with a signal code provided by the operating company. The plaintiff's intestate was engaged in loading and unloading wheelbarrows upon the elevator. While standing, waiting for the elevator to descend, and when it had reached a point about even with his head, the platform, loaded with empty wheelbarrows, suddenly stopped, and one of the wheelbarrows was thrown from its place, striking the plaintiff's intestate and throwing him off the platform on which he was standing, precipitating him to the basement, where he sustained injuries resulting in his death. The complaint made the Pelham Company a party defendant, but on motion the complaint was dismissed as to this company, and the case was disposed of as a matter of law on the theory that the accident resulted because of the fact that the defendants, who were the general contractors for the construction of the building, had failed to guard the elevator shaft in the manner provided by section 20 of the Labor Law (Laws 1897, p. 468, c. 415) as amended by chapter 192, p. 350, of the Laws of 1899. The statute, in so far as it affects the question in this case, reads as follows:

"If elevating machines or hoisting apparatus are used within a building in the course of construction, for the purpose of lifting materials to be used in such construction, the contractors or owners shall cause the shafts or openings in each floor to be enclosed or fenced in on all sides by a barrier at least eight feet in height."

The plaintiff urges, with great reason, that if there had been such a barrier around this elevator shaft the accident could not have occurred, and the principal contention of the defendants is that the court erred in refusing to receive in evidence testimony and documentary matters tending to show that they were not the parties on whom the duty devolved of providing this barrier. The defendants' theory seems to be that as the provision of the statute is in the disjunctive, if they were not in full control of the building, the re-

sponsibility devolved upon the owner, but we are of the opinion that as the defendants admitted in their answer that they were the general contractors, the statute had reference to their conduct, and it was not error to exclude their evidence. A very similar question was involved in the case of Koch v. Fox, 71 App. Div. 288, 292–293, 75 N. Y. Supp. 913, 916, 917, and the court held that the terms of an ordinance requiring the owner or contractor to bridge over a sidewalk before constructing a building near it, were satisfied by a "construction which requires compliance by the owner if he be doing the work by day labor or through contractors for separate parts, so that he retains charge and control, and compliance by the general contractor if the work be all let by one contract, so that the contractor may be said to be independent, in that he has full charge and control of the entire work, subject only to such supervision as will insure to the owner compliance with the plans and specifications."

Notwithstanding this view of the case, we are persuaded that under the motions to dismiss the complaint and for a new trial under the provisions of section 999 of the Code of Civil Procedure, the defendants have raised a question fatal to the plaintiff's recovery in this action, because, conceding the facts as they appear in evidence, the plaintiff has failed to establish actionable negligence, for the failure on the part of the defendants to erect a barricade is not the proximate cause of the accident.

Without assuming to pass upon the question of who was responsible for the sudden stopping of the elevator, no negligence in this respect being alleged in the complaint as against the present appellants, it must be evident, under all of the authorities upon the question, that this was the proximate cause of the accident; it was the efficient cause, the one without which the accident would not have occurred. Wharton, considering such a situation, says:

"Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that casual connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured."

This view is quoted with approval in Laidlaw v. Sage, 158 N. Y. 73, 99, 52 N. E. 679, 688, 44 L. R. A. 216, and the subject of proximate cause is carefully reviewed in subsequent pages, all reaching the same general result. There can be no doubt that the plaintiff's intestate would not have been injured except for the act of some one by which the elevator was stopped so suddenly that it jarred the wheelbarrow from its place, causing it to fall, and whoever was responsible for that act was responsible for the natural results of his acts, and not the defendants, who were negligent only in the sense that they had failed to comply with the provisions of the labor law.

"Although the omission of the owner to comply with the ordinance," say the court in Koch v. Fox, supra, "may have been a remote cause, it is manifest that the intervening negligence of the contractor was the direct and proximate cause of the injuries, and in these circumstances the owner would not be liable."

See authorities cited at page 295 of 71 App. Div., page 918 of 75 N. Y. Supp. This view is supported by all of the more recent cases. In Mairs v. Baltimore & Ohio R. R. Co., 175 N. Y. 409, 413, 67 N. E. 901, 902, the court, in considering civil liability for violations of law, say:

"There, however, can be no recovery unless damages to the plaintiff resulted from the illegal act. Where the Legislature prohibits or requires the doing of an act and prescribes a punishment that shall be inflicted for a violation of its mandate, the punishment furnishes the exclusive remedy for the wrong, so far as the public is concerned, and the act cannot be made the basis of a civil action by an individual for the recovery of damages, unless he has been injured in his person or property and the damages suffered are the direct and proximate result of the illegal act."

In this case the result was not proximate; the negligence of the defendants, if it was negligence, might have existed without injury to the plaintiff, had it not been for the negligence of some one in the operation of the elevator.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

HOOKER, J., concurs. HIRSCHBERG, P. J., and BARTLETT and MILLER, JJ., concur in the result on the ground that the question of the appellants' liability should have been disposed of as one of fact and not of law.