(122 App. Div. 586.)

SHIELDS v. PAUL B. PUGH & CO. et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. NEGLIGENCE—INJURY TO PERSON ON STREET — BUILDING REGULATIONS — SHED OVER SIDEWALK—LIABILITY OF CONTRACTOR.

The New York City Building Code 1899, § 80, provides that, when buildings are erected or increased to over 65 feet in height upon or along a street, the owner, builder or contractor constructing or repairing them shall maintain a shed over the work in front of the premises to protect persons using the street. Greater New York Charter, Laws 1897, p. 15, c. 378, § 41, and city ordinance, provide that the owner or general contractor constructing a building over five stories in height shall build a temporary roof structure over the sidewalk of the building. *Held*, that a general contractor in charge of erecting a building above the height so specified who failed to construct such a covering was liable for the death of a mortar mixer struck by falling masonry, where the injury was caused by the contractor's neglect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 54.]

2. DEATH—ACTION—RIGHT OF PERSONAL REPRESENTATIVES.

The representatives of a person killed through failure to construct such covering have an action against the person liable for such failure under Code Civ. Proc. § 1902, giving them an action against any person negligently causing decedent's death who would have been liable therefor had death not ensued, though neither the building code nor the charter give a new cause of action.

3. NEGLIGENCE—VIOLATION OF STATUTE OR ORDINANCE—ACTIONS.

Failure to perform a duty imposed by a statute or ordinance is evidence of negligence, which, when injury results, gives a cause of action, and ordinarily justifies a jury in finding a verdict against the delinquent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 8.]

4. SAME.

The liability for an injury caused by failure to comply with the requirements of New York City Building Code, 1899, § 80, and Greater New York Charter, Laws 1897, p. 15, c. 378, § 41, that a covering shall be constructed over the sidewalk in front of a building being erected above a specified height, does not rest on any obligation of an employer to his employé, but on the duty imposed on one engaged in the construction of a building adjoining a public highway of protecting those in the street.

Appeal from Trial Term.

Action by Annie Shields, administratrix of Michael Shields, against Paul B. Pugh & Co. and another. From a judgment dismissing the complaint as against Paul B. Pugh & Co., plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Michael Schaap, for appellant.

Frank V. Johnson, for respondent.

INGRAHAM, J. The complaint alleges that the defendant Pugh & Co. was on November 28, 1902, and for some time prior thereto had been, engaged in erecting a building at or near 32 West Sixty-Fourth street, in the city of New York, and had general charge, management, and control of the said building and the erection thereof and the work thereon; that said building was over five stories in height, and was being erected over 65 feet in height; that the defendant Batton was a subcontractor of Pugh & Co. in the performance of certain mason work and masonry on said building; that the plaintiff's intestate was employed by the defendant Batton as a laborer, and on November 28, 1902, while engaged in mixing mortar in front of the said building, a heavy piece of masonry, terra cotta, brick, or similar substance fell from the upper part of said building, and struck the deceased, causing injuries which resulted in his death; that there was no shed, roof, structure, or other covering over the place where the deceased was at work, or over the sidewalk in front of the said building, and that the deceased's injuries were caused by the neglect of the defendant in failing to provide a proper, safe, or sufficient shed, roof, or structure over the sidewalk in front of the building where the deceased was at work. It is then alleged that section 80 of the Building Code of the City of New York approved on the 24th day of October, 1899, provides that:

"Whenever buildings shall be erected or increased to over sixty-five feet in height, upon or along said street, the owner, builder or contractor, constructing or repairing such buildings, shall have erected and maintained, during such construction and repair, a shed over the said work in front of said premises, extending from building line to curb, the same to be properly strong and tightly constructed, so as to protect pedestrians and others using such street."

It is further alleged that section 41 of the charter of the city of New York (chapter 378, p. 15, Laws 1897) provides that the owner or general contractor engaged in the construction or erection of any building over five stories in height "shall build or cause to be built a temporary roof structure over the sidewalk of said buildings," and that the injuries and death of the deceased were caused solely by the negligence of the defendants in that the said defendant Pugh & Co. failed to comply with the said provisions of the ordinance and charter.

The answer is a general denial. The case coming on for trial the complaint was dismissed as against Pugh & Co. because the complaint did not state a cause of action on the authority of Koch v. Fox, 71 App. Div. 288, 75 N. Y. Supp. 913. It is quite clear that that case

does not sustain the dismissal of the complaint. That was an action against the owner of the premises who was in Europe, and who had made a contract for the construction of the building with one Cabus; and it was held that the terms of the ordinance then in force were satisfied by a construction which requires compliance by the owner if he be doing the work by day labor or through contractors for separate parts, so that he retains charge and control of the building operation, and compliance by the general contractor if the work be all let by one contract, so that the contractor may be said to be independent, in that he has full charge and control of the entire work, subject only to such supervision as will insure to the owner compliance with the plans and specifications; that there was no difficulty in enforcing the ordinance against the general contractor. In this action it is alleged that the defendant Pugh & Co. were the general contractors in charge of the building, and therefore the duty was imposed on the defendant by the ordinance and the charter to erect a substantial covering over the sidewalk so as to protect pedestrians and others using the street. Whether the deceased could be said to be a pedestrian is doubtful. He was engaged in mixing mortar to be used in the construction of the building; but, if he was not a pedestrian, he certainly was lawfully using the street, and, if the general contractor had complied with the provisions of the building code and charter and erected a proper structure over the sidewalk, the deceased would have escaped the injury which resulted in his death.

It is quite true that neither the building code nor the provisions of the charter gave to the deceased nor to his personal representatives any new cause of action. His personal representatives have under section 1902 of the Code of Civil Procedure a cause of action against any person who has negligently caused the death of decedent who would have been liable therefor if death had not ensued. The effect of the ordinance is to impose upon this general contractor a duty to construct and maintain over the sidewalk a shed strong and tightly constructed so as to protect any one lawfully using the street in front of the building in course of erection. A failure to perform that duty is evidence of negligence, which, when injury results, gives a cause of action. It is a general rule that a violation of a duty imposed by a statute or ordinance is evidence of negligence which justifies a jury in finding a verdict against a person who has violated the statute or ordinance. Marino v. Lehmaier, 173 N. Y. 630, 66 N. E. 572, 61 L. R. A. 811; Rooney, Adm'rs, v. Brogan Construction Company, 107 App. Div. 258, 95 N. Y. Supp. 1; Kiernan v. Eidlitz, 109 App. Div. 726, 96 N. Y. Supp. 387. The distinction sought to be drawn between these cases and the present in that the deceased was not an employé of Pugh & Co. is not material. The liability is not placed upon any obligation of an employer to his employé, but a duty imposed upon one engaged in the construction of a building adjoining a public highway of protecting those in the street during the construction of the building. This duty is imposed upon the owner or contractor, and, while it is quite true that this court held in Koch v. Fox, supra, that the duty is imposed upon the owner only in the event that he retains control over the building operations, where an independent contractor undertakes the obligation

of building, it is clear that the ordinance and charter imposed a specific duty upon such a contractor, and a failure to perform that duty is evidence of negligence. In Conroy v. Acken, 110 App. Div. 48, 96 N. Y. Supp. 530, a new trial was ordered upon the ground that the question of the defendant's liability was for the jury, and this conclusion was affirmed by the Court of Appeals (185 N. Y. 566, 77 N. E. 1184); but the question discussed in the Conroy Case was not presented in this action, as it is here expressly alleged that the injury sustained by the deceased was the direct result of the negligence of the defendant Pugh & Co. in failing to comply with this ordinance.

I think a good cause of action was alleged, and it was error to dismiss the complaint.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### BIELE v. LEVY.

(Supreme Court, Appellate Term. December 12, 1907.)

SALES—DELIVERY—TIME AS ESSENCE—COUNTERCLAIM.

Where plaintiff agreed to furnish defendant certain furniture, to be delivered on a certain date, knowing at the time that defendant needed the articles in order to commence carrying on business, time was of the essence of the contract; and in an action by plaintiff for a balance of the price defendant was entitled to counterclaim for damages from a failure of delivery at the time agreed, though he accepted a loan from plaintiff of furniture to take the place of that not delivered, until the delivery could be effected, since the acceptance of the loan cannot be regarded as a waiver of the defendant's right to damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 222, 976.]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Charles F. Biele against Aaron E. Levy for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Cohen & Cohen, for appellant.

Charles H. Broas, for respondent.