### LICHTMAN v. ROSE et al.

(Supreme Court, Appellate Term. June 5, 1908.)

1. LANDLORD AND TENANT—FAILURE TO KEEP TENEMENT LIGHTED—NEGLIGENCE.

　　The failure of a landlord to have a light in the halls of a tenement house is evidence of his negligence, being a violation of the Tenement House Act, Laws 1901, p. 889, c. 334.

2. SAME—INJURY TO THIRD PERSON—ACTION—NEGLIGENCE—QUESTIONS FOR JURY.

　　Whether a person injured while descending the unlighted stairs of a tenement house was negligent held to be for the jury.

3. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW.

　　Where a motion for dismissal was made upon specific grounds therein set forth, appellant cannot on appeal urge a new ground.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sadie Lichtman against Morris Rose and another. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Moses N. Schleider, for appellant.

Frank Verner Johnson (Harry S. Austin, of counsel), for respondents.

GILDERSLEEVE, P. J. The plaintiff herein appeals from a judgment rendered upon a motion, made by the defendants at the close of the plaintiff's case, dismissing the complaint, with costs. The cause of action arose out of the following facts: On the afternoon of November 29, 1907, the plaintiff called upon a friend living in a tenement house owned by the defendant. She went to her friend's rooms about 3:30 p. m., and left there about 6:20 p. m. There was at that

time no light in the hall, which was upon the fourth floor. As she was proceeding cautiously and slowly down a flight of stairs leading from that floor, clinging to the banisters, she tripped or slipped upon something soft or wet upon the third stair from the top, and fell, receiving severe injuries. She testified that when she fell she felt some paper underneath her feet. As to there being no light in the hall she was fully corroborated. There were lights on the first and second floors, but none upon the third and fourth floors at this time.

The failure to have a light at the time of the accident, it being after sundown, was evidence of negligence on the part of the landlord; it being a violation of Tenement House Act, Laws 1901, p. 889, c. 334. Shields v. Pugh & Co., 122 App. Div. 586, 107 N. Y. Supp. 604. Neither could it be said that as a matter of law the plaintiff was guilty of contributory negligence. She was proceeding slowly and carefully, clinging to the banisters, and feeling her way with her feet. In the case of Greenfield v. Doepfner, 49 Misc. Rep. 651, 97 N. Y. Supp. 1043, this court said:

"The evidence that the hall and stairway were insufficiently lighted and that this was the immediate cause of the accident is quite satisfactory. We may not say as a matter of law that the plaintiff was guilty of contributory negligence, because she only steadied herself against the banister without actually grasping it"—citing Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385.

A reading of the cases cited by the respondent as being analogous to the facts in this case does not sustain his contention. The facts and circumstances in the cases cited are clearly distinguishable from those in the case at bar.

The point is made that there is no evidence tending to show that the defendants had charge of or were in control of the premises at the time of the accident. There is evidence from which it may reasonably be inferred that such was the case. Moreover, the motion for a dismissal was made upon specific grounds therein set forth, and that ground was not mentioned. Undoubtedly, had that been done, the defect, if any existed, could have been remedied, and it is too late for the respondent to raise it for the first time upon appeal. The question of the negligence of the defendants and the contributory negligence of the plaintiff should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.