E. GERLI & Co., INC., Plaintiff, v. COMPAGNIE GÉNÉRALE TRANS-ATLANTIQUE, Defendant.    (2 cases.)

Supreme Court, New York County, July 19, 1928.

Ships and shipping — carriers of freight — action to recover value of silk delivered to defendant under ocean bills of lading and lost in transit — United States Revised Statutes, § 4281, not applicable — bailee for hire is liable for negligence — bill of lading, exempting liability, is valid, since shipper was offered two rates — stipulation limiting liability is not unreasonable — reimbursement will be made in equivalent of French currency.

The defendant accepted shipments of silk from the plaintiff in France and Italy, and issued to the plaintiff ocean bills of lading in which it was stipulated that the value of each bale of silk should not exceed 1,000 francs unless a larger value was declared, and freight was paid accordingly.  This action is to recover the value of four bales that were lost in transit.  The contention by the defendant that section 4281 of the United States Revised Statutes is applicable, and that the failure of the shipper to comply therewith relieves the defendant from liability as a carrier, is not sustained.  If that section is applicable, still the defendant would be liable for its negligence as a bailee for hire in not delivering the goods at the port of destination.

However, the stipulation in the bill of lading, limiting the defendant's liability, is valid, since it appears that the plaintiff had the choice of a higher rate at a higher valuation and that it failed to take advantage thereof, and, therefore, the defendant's liability is limited to the stipulated amount of 1,000 francs per bale, although it is admitted that that amount does not equal the value of the silk.  The stipulation limiting the liability to 1,000 francs per bale is not unreasonable *per se* or contrary to public policy, nor does it constitute confiscation.

Since the contract was made in France and the freight paid in French money, and the stipulation provided for liability in French currency, the plaintiff will be reimbursed in the equivalent of French currency.

MOTIONS by plaintiff to set aside verdicts for parts of amounts claimed and for new trials.

*Bigham, Englar & Jones [H. N. Longley* and *E. G. B. Fox* of counsel], for the plaintiff.

*Joseph P. Nolan [Edward J. Garity* of counsel], for the defendant.

TOWNLEY, J.  The plaintiff brings two actions to recover damages for the non-delivery by the defendant French Line of four bales of silk.  Both cases were tried together by the court, a jury being waived, and at the trial there was no serious dispute as to the material facts.  In December, 1925, there was delivered to the defendant Compagnie Generale Transatlantique (French Line) at Havre, France, eighty bales of silk for transportation from Havre by the steamship *Rochambeau* to the port of New York. In December, 1926, the defendant French Line also received a ship-

ment of sixty-two bales of silk, which originated in Milan, Italy, for transportation to the port of New York by the steamship *Rochambeau*. Bills of lading or contracts of affreightment were entered into by the carrier and shipper covering the ocean transportation by defendant of these two different lots of silk from the port of Havre to the port of New York. The bills of lading are in the French language, but stipulated translations of same have been presented and considered by the court. Upon the arrival of the steamship *Rochambeau* at the port of New York on these different voyages, the French Line, the defendant herein, failed to deliver three bales of silk out of the eighty bales shipment and one bale of silk out of the sixty-two bales shipment.

The question to be determined by the court is the amount, if any, owing by the defendant to the plaintiff for the non-delivery of these four bales of silk. There is no dispute that the French Line received the respective shipments of the bales of silk at Havre, France, for transportation to the port of New York under an ocean bill of lading, and that the French Line failed to make delivery of the four bales of silk concerned in these two actions. The defendant French Line contends, in the first place, that it is under no legal responsibility whatever to the plaintiff to reimburse it in any amount for the four bales of silk undelivered at the port of New York, claiming that the plaintiff has failed to comply with the provisions of section 4281 of the United States Revised Statutes (46 U. S. C. A. § 181). Further, the defendant French Line contends that in any event its liability to the plaintiff cannot exceed 1,000 francs per package, as its liability was so limited by the terms and provisions of the contract for ocean carriage, namely, the ocean bill of lading. The plaintiff, on the other hand, admitting that the bills of lading contained such a clause limiting the liability, urges that the clause is invalid, as it is unreasonable *per se* and sets a confiscatory value upon the goods, and plaintiff claims to be entitled to the market value of the lost bales of silk.

Assuming, but not deciding, that section 4281 of the United States Revised Statutes is applicable, its non-compliance by a shipper does not relieve a shipowner from liability as a bailee for hire, but only from liability as a carrier. A carrier's liability in respect to property intrusted to his care is that of an insurer, and he is liable for loss irrespective of the cause, unless occasioned by the act of God or the public enemy. A bailee is liable for damages resulting from his negligence, and the non-delivery at the port of destination is presumptive evidence of the bailee's negligence. (See *Wheeler* v. *Oceanic Steam Navigation Co.*, 125 N. Y.

155, 162; *Canfield* v. *Baltimore & O. R. R. Co.*, 93 id. 532, 538.) The defendant French Line accordingly cannot wholly escape liability for the non-delivery and loss of the four bales of silk here concerned.

The ocean bills of lading under which the silk here in question was transported by the defendant French Line in each instance contained the following provision:

"Article XI. In case of loss or of irregularity in the delivery for which they would have to answer from any cause and on any account, and in any place and at any time that the loss or irregularity may be produced (even outside of the transportation properly so called), the captain and/or the company may only be held to reimburse for each package lost, the intrinsic value at the port of loading, calculated on the production of the original invoice, without any profit, nor damages, nor commissions, nor brokerage, nor interest, etc. * * * But the value of each package shall not exceed the sum of one thousand (1,000) francs (on which consideration the freight is calculated), unless a larger value shall have been declared and inscribed on the loading note (dock receipt) and reproduced on the bill of lading and the freight calculated in consideration of such value, and in all cases above anticipated (foreseen) there cannot be granted more than one thousand francs for each package or more than the value declared as has just been specified. And on account of damage or shortages for which they would be responsible under the same circumstances and conditions as above, the captain and the company may be held for the payment only of an indemnity calculated *pro rata* on the sum to be paid in case of total loss in accordance with the various stipulations hereinbefore named."

The rule of law is well established that clauses limiting liability for loss during transit in bills of lading issued by a common carrier are valid, provided they are reasonable, and provided the common carrier gives to the shipper the choice of two rates, the lower of them conditioned upon his agreeing to a stipulated valuation of his property in case of loss by the carrier's negligence. (*Union Pacific R. R. Co.* v. *Burke*, 255 U. S. 317, 321.) In the cases at bar it cannot be questioned that the plaintiff, as shipper, was afforded such a choice of rates. Article XI (*supra*) of the bill of lading expressly provides that the amount which the shipper is entitled to recover in the event of loss is 1,000 francs, unless a larger value is declared and freight calculated accordingly. It further provides that, upon a failure of the shipper to declare a higher value, the freight is estimated on the value of a package at 1,000 francs. From the record facts as stipulated it appears that each of the four bales in question was worth more than 1,000 francs;

that the value of the merchandise was not declared on the bill of lading, nor was freight paid on the value of the merchandise, but was paid upon the basis of the weight of the merchandise. By the very terms of the bill of lading the attention of the shipper was directed to the fact that, where each bale was of a value in excess of 1,000 francs, there were two different freight rates offered, one being based on the weight of the merchandise, and the other upon the value of the merchandise.

I consider in the instant cases that article XI of the bill of lading, the clause limiting the liability of the carrier, is not unreasonable *per se*, nor contrary to public policy, nor to established rules either of the Federal courts or of the courts of the State of New York. (*Hart* v. *Pennsylvania R. R. Co.*, 112 U. S. 331; *Kuhnhold* v. *Compagnie Générale Transatlantique*, [D. C.] 251 Fed. 387; *Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151.) Here the contracts — that is, the bills of lading — were made in France, between a French corporation and a shipper in France. The merchandise was carried on a ship flying the French flag, and the contract was printed in the French language. The consideration for the transportation — that is, the freight — was paid in French francs by the shipper, and very naturally the indemnity for shortage, if any, was likewise provided to be paid in French currency — that is, in like French francs. I consider that, since the French Line carried the merchandise and charged freight upon a basis of French currency, it is entirely reasonable and fair that reimbursement in the case of loss should be stipulated to be paid in like French currency.

I am unable to agree with the plaintiff's contention that the clause limiting liability in these bills of lading is invalid on the ground that it is unreasonable *per se*, and under the stipulated facts in this record the limitation clause must be enforced in defendant's favor. Judgment is accordingly directed in favor of the plaintiff and against the defendant as follows: In action No. 1, as damages for the loss of three bales of silk, the stipulated exchange value on December 21, 1925, of 3,000 francs, namely, $115.59, with interest from said date; in action No. 2, as damages for the loss of one bale of silk, the stipulated exchange value on December 17, 1926, of 1,000 francs, namely, the sum of $39.20, with interest from the said date. Exception is granted to the plaintiff.

Motions to set aside the verdicts and for new trials will be deemed to have been made by the plaintiff. Such motions are denied, with exceptions to plaintiff. Thirty days' stay and sixty days to make a case. The clerk is directed to enter judgment accordingly.