Bentley Kassal, J.
Plaintiff’s application for leave to reargue is granted. Upon such reargument and reconsideration of the original and additional papers presented, the decision'of this court is recalled and the following is substituted in place thereof.
Defendant, as a common carrier for hire in interstate commerce, concededly received and failed to deliver a property shipment received from plaintiff. The defense, in essence, is that the loss resulted from a hijacking on the streets of New York City of the defendant’s truck, containing this shipment. Defendant contends that the loss resulted by reason of the act of a “ public enemy ” and that it therefore is not responsible for such loss.
The general rule is that a common carrier is an insurer against the loss of property received by it for transportation. The only exceptions are losses arising from an act of God or from acts of the public enemy. (Mairs v. Baltimore & Ohio R.R. Co., 175 N. Y. 409; Gerli & Co. v. Compagnie Generale Transatlantique, 132 Misc. 752.)
Defendant contends that a truck hijacker is a “ public enemy ’ ’ and, therefore, falls within the exception to the general rule.
However, the court decides to the contrary. In its general usage, the phrase “ public enemy ” connotes the existence of an actual state of war and refers to the government of a foreign nation at war with the carrier’s government. It has also been expanded to include pirates on the high seas (who are considered enemies of all civilized nations) and in some instances*, rebels in insurrection again'st their own government.
Thieves, rioters and robbers, although at war with social order, are not to be classed as ‘1 public enemies ” in a legal sense, but are merely depredators for whose acts the carrier remains liable. (Lang v. Pennsylvania R. R. Co., 154 Pa. 342; American Cigarette Cigar Co. v. Garner, 229 N. C. 173.)
The court is of the opinion that despite the enormous increase in crimes generally and hijacking specifically, domestic criminals, whether or not they have achieved the status of having been singled out by the P. B. I. so that they become numbered public enemies, do not fall within the scope of “ public enemies ” for purposes of being an exception to the insurer liability of a common carrier for its shipments.
The defendant also' raises the question of whether the plaintiff is the real party in interest. This is presented only in the opposing affidavit, is not supported by any factual background and is not set forth in the answer. CPLB, 1004 covers this point and permits such action even if the defense had been properly presented herein.
*327 Accordingly, the motion for summary judgment is granted to the extent of directing an assessment of damages. The amount thereof shall he entered as a judgment in favor of plaintiff against defendant. A copy of this order shall he served upon the Calendar Clerk without undue delay. If notice of trial has not been filed herein, it shall be served and filed promptly.